UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER HANSEN, individually,

    Plaintiff,

v.

HHBR, L.L.C., a Florida limited
liability company, and
SYLHET CHITTAGONG ENTERPRISE INC.,
A Florida for profit corporation,

    Defendants.
_____/

Case No. 0:14-cv-60668

## COMPLAINT
(Injunctive Relief sought)

Plaintiff, CHRISTOPHER HANSEN, individually, individually on his behalf and on behalf of all other individuals similarly situated, hereby files this case against Defendants, HHBR, L.L.C., a Florida limited liability company, and for profit corporation, and SYLHET CHITTAGONG ENTERPRISE INC., a Florida for profit corporation, for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessibility Code ("FAC").

1. Defendants' property, 101 N. Ocean Drive, Hollywood, FL 33019 is located in the County of BROWARD.

2. Venue is properly located in the SOUTHERN DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

4. Plaintiff CHRISTOPHER HANSEN is a 29 year old man, married, and is a life long Florida resident, who lives in south Florida, is sui juris, and qualifies as an individual with a disability as defined by the ADA. Mr. Hansen is a partial quadriplegic, as a result of a skim-boarding accident in 2003. Mr. Hansen is bound to ambulate in a wheelchair. Mr. Hansen, who owns his own vehicle and does drive, has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendants' property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendants' property if he wishes to do so free of discrimination.

5. Defendant HHBR, L.L.C., has a space at the (Historic) Hollywood Beach Resort, located at 101 N. Ocean Drive, Hollywood, FL 33019, and owns and operates the Ocean Pub 101, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a).

6. HHBR, L.L.C. as the owner and operator of the subject Ocean Pub 101 is responsible for complying with the obligations of the ADA.

7. Defendant SYLHET CHITTAGONG ENTERPRISE INC., has a space at the (Historic) Hollywood Beach Resort, located at 101 N. Ocean Drive, Hollywood, FL 33019, and owns and operates the George's Market, Deli, and Pizza, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a).

8. SYLHET CHITTAGONG ENTERPRISE INC., as the owner and operator of George's Market, Deli, and Pizza, is responsible for complying with the obligations of the ADA.

9. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

10. A preliminary inspection of the Ocean Pub 101, has shown that barriers to access exist. These violations include, but are not limited to:

i. There is no accessible seating;

ii. The Men's restroom cannot be accessed because it is located on a level below the Ocean Pub 101 dining and bar area and must be accessed using a flight of stairs;

iii. The cannot-be-accessed Men's restroom has water closets in stalls that do not comply with the Accessibility Standards;

iv. There are no grab bars to serve the water closets in the stalls;

v. The stall entrance doors do not comply with the Accessibility Standards;

vi. The urinals as mounted do not comply with the Accessibility Standards;

vii. The paper towel dispenser as mounted does not comply with the Accessibility Standards; and

viii. HHBR, L.L.C. fails to maintain its accessible features and fails to adhere to a policy, practice and procedure to ensure that its goods, services and facilities are accessible to people with disabilities.

11. A preliminary inspection of the George's Market, Deli, and Pizza, has shown that barriers to access exist. These violations include, but are not limited to:

i. There is no accessible path of travel to the restroom;

ii. There is no signage on the restroom door that must comply with the Accessibility Standards;

iii. The entrance door to the restroom does not comply with the Accessibility Standards;

iv. The hardware on the entrance door to the restroom does not comply with the Accessibility Standards;

v. The entrance door to the restroom swings into the clear floor space inside the restroom;

vi. There is insufficient clear floor space and turning space in the restroom;

vii. The lavatory as constructed does not comply with the Accessibility Standards;

viii. The hardware on the lavatory does not comply with the Accessibility Standards;

ix. The flush valve as mounted on the water closet does not comply with the Accessibility Standards;

 x. The water closet as mounted from the closest sidewall to the centerline of the water closet does not comply with the Accessibility Standards;

 xi. There are no grab bars to serve the water closet;

 xii. There is no mounted paper towel dispenser at the water closet;

 xiii. The paper towel dispenser as mounted does not comply with the Accessibility Standards; and

 xiv. SYLHET CHITTAGONG ENTERPRISE INC., fails to maintain its accessible features and fails to adhere to a policy, practice and procedure to ensure that its goods, services and facilities are accessible to people with disabilities.

12. Plaintiff is a frequent visitor of the area where Ocean Pub 101 and George's Market, Deli, and Pizza are located. Plaintiff visited the property which forms the basis of this lawsuit. He plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against him on the basis of his disability.

13. The violations present at Defendants' Ocean Pub 101 and George's Market, Deli, and Pizza facility, create a hazard to Plaintiff's safety.

14. Plaintiff is continuously aware of the violations at Defendants' Ocean Pub 101 and George's Market, Deli, and Pizza and is aware that it would be a futile gesture to return to the property as long as those violations exist unless he is willing to suffer additional discrimination.

15. The violations present at Ocean Pub 101 and George's Market, Deli, and Pizza infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' Ocean Pub 101 and George's Market, Deli, and Pizza . By continuing to operate places of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' Ocean Pub 101 and George's Market, Deli, and Pizza, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendants deprive plaintiff the equality of opportunity offered to the general public.

16. The discriminatory violations described in paragraphs 10 and 11 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' places of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts violating the ADA. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' Ocean Pub 101 and George's Market, Deli, and Pizza, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiff

and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation, Ocean Pub 101 and George's Market, Deli, and Pizza, in order to determine all of the areas of non-compliance with the ADA.

17. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Defendants' places of public accommodation, Ocean Pub 101 and George's Market, Deli, and Pizza in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover fair and reasonable attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendants are required to remove the existing architectural barriers to people with disabilities when such removal is readily achievable for Defendants' place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of Ocean Pub 101 and George's Market, Deli, and Pizza are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' Ocean Pub 101 and George's Market, Deli, and Pizza facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' Ocean Pub 101 and George's Market, Deli, and Pizza facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the subject Ocean Pub 101 and George's Market, Deli, and Pizza to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Ocean Pub 101 and George's Market, Deli, and Pizza facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the Ocean Pub 101 and George's Market, Deli, and Pizza facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of reasonable and fair attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

By: <u>Stephan M. Nitz</u>

Stephan M. Nitz

Florida Bar No.: 0045561

Stephan M. Nitz, P.A.

4302 Hollywood Blvd. - #1010

Hollywood, FL 33021

Telephone: 954-364-7734

E-Fax: 954-374-7051

snitzadalaw@gmail.com

Attorney for Plaintiff Christopher Hansen